UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Evanston Insurance Company,

    Plaintiff,

v.

Rembrandt Enterprises Inc.,

    Defendant.

Case No. 22-cv-1540 (PJS/DJF)

**ORDER**

This matter is before the Court on the parties' Joint Motion for Continued Sealing ("Sealing Motion") (ECF No. 70) filed in connection with Plaintiff's Phase I Summary Judgment Motion ("SJ Motion") (ECF No. 54). Plaintiff filed its memorandum and five exhibits in support of its SJ Motion under seal.[1] (ECF Nos. 57, 59, 59-1, 59-2, 59-3, 59-4.) Plaintiff publicly filed a redacted version of its memorandum (ECF No. 56) but stated redaction of its exhibits was impracticable (ECF No. 60). Additionally, Defendant filed its response to Plaintiff's SJ Motion under seal (ECF No. 66) along with a publicly-filed redacted version (ECF No. 65). The parties agree that the entirety of Plaintiff's exhibits and the redacted portions of each party's memorandum should remain under seal because they contain proprietary, non-public information, or information that may jeopardize biosecurity. (ECF No. 70.)

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notwithstanding, the right of access is not absolute and requires the Court to

---

[1] Plaintiff filed Exhibits 14-17 entirely under seal (ECF Nos. 59-1, 59-2, 59-3, 59-4), and part of Exhibit 13 under seal (ECF No. 59).

balance the competing interests of public access against the legitimate interests of maintaining confidentiality of the information sought to be sealed. *Id.* at 1123. "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir.1995)).

The parties filed the documents at issue in connection with Plaintiff's Phase I Summary Judgment Motion (ECF No. 54). While these documents ultimately may play a role in the District Judge's exercise of Article III judicial power, the Court finds good cause to grant the parties' motion in this particular in this instance. Having carefully reviewed the sealed portions of the documents at issue, the Court finds they contain proprietary information, including information that could jeopardize biosecurity if made public. The Court concludes that the parties' legitimate interests in maintaining confidentiality as to these documents outweigh any public interest in unsealing them. *See Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016) (noting that sensitive, including proprietary, information is appropriately kept under seal).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion for Continued Sealing (ECF No. [70]) is **GRANTED**. The Clerk is directed to keep ECF Nos. [57], [59], [59-1], [59-2], [59-3], [59-4], and [66] under seal.

Dated: October 11, 2023         *s/ Dulce J. Foster*
                                DULCE J. FOSTER
                                United States Magistrate Judge